

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~WILLXWILSON~~
ATTORNEY GENERAL

Honorable Eugene Brady
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-4991

Re: Can the county treasurer collect
for the officers Salary Fund
stated commissions for receiving
and disbursing money coming into
his hands by virtue of sale of
bonds voted at Special Bond Elec-
tion?

Your letter of November 23, 1942, requesting the opinion
of this department on the above stated question reads as fol-
lows:

"I will appreciate an opinion from you on
the following subject:

"'Can the County Treasurer collect for the
Officers Salary Fund stated commissions for re-
ceiving and disbursing money coming into his
hand by virtue of sale of bonds voted at Special
Bond Elections.'

"The facts are as follows:  In 1941 the resi-
dents of Precinct Four of this County voted to
issue Bonds for Road improvements under the provi-
sions of Article 752 a et. seq.  These bonds were
promptly sold, the money deposited with the County
Treasurer and some of the money has been paid out
on warrants properly drawn on such fund.

"In 1942 the residents of this county voted
bonds for the acquisition and improvement of land
for an Air field.  These bonds were promptly sold,
the money deposited with the County Treasurer and
some of the money has been paid out on warrants
properly drawn on such fund.

"In 1935 and for each subsequent year the
salary of the County Treasurer has been set at

$600 by proper order of the Commissioners Court.
Hunt County compensates all County Officers on a
salary basis.

"In Article 3912e, Sec. 4, it is provided
for the establishment of an officers salary fund
in such county. Section 5 provides 'It shall be
the duty of all officers to charge and collect in
the manner authorized by law all fees and commis-
sions which are permitted by law to be assessed
and collected for all official services performed
by them. As and when such fees are collected they
shall be deposited in the Officers Salary Fund'.

"Article 3941 is as follows: 'The county
treasurer shall receive commissions on the moneys
received and paid out by him, said commissions to
be fixed by order of the commissioners court as
follows: For receiving all moneys, other than
school funds, for the county, not exceeding two
and one-half per cent and not exceeding two and
one-half per cent for paying out the same--'

"Article 3943 limits the amount of commis-
sions allowed to the Treasurer in any one year.
In this county such limit would be $2020.00 per
annum.

"'The determination of the right of the county
treasurer to fees upon a bond issue depends upon
whether the county has received or is entitled to
receive cash from the sale of its bonds'. 11 Tex.
Jur. pg. 595.

"'If commissions (to be collected by the County
Treasurer) have not been fixed by order of the
Commissioners' court the County Treasurer is en-
titled to receive the maximum fees of the statute'.
11 Tex. Jur. pg. 598.

"While under the order of the Commissioners
Court and the above quoted provisions the County
Treasurer would be entitled to receive only $600
as his compensation it seems that it would be his
duty to collect and pay to the Officers Salary
Fund the full statutory commissions of 2½ per cent
for receiving and 2½per cent for paying out the
money realized from the sale of such bonds.

"  . . . . . . ."

Hunt County has a population of approximately 48,717 inhabitants according to the 1940 Federal Census and the County officials of said County are compensated on an annual salary basis by virtue of the Salary Law of this State.

Under Section 1 of Article 3912e, Vernon's Annotated Civil Statutes, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated on a salary basis, any fee or commission for the performance of any or all of the duties of their offices, save only the tax assessor and collector who shall continue to collect and retain for the benefit of the Officers Salary Fund or Funds provided for in the Act, all fees and commissions which he is authorized under the law to collect. The only fees, commissions and costs which the officers of the county, save only the tax assessor and collector, are authorized by law to collect, are those fees, commissions and costs that private parties are required to pay under the law, and costs in civil cases by the State.

Accordingly, the commissions which the county treasurer would be authorized, otherwise, to receive moneys of the county received and disbursed by him, under Articles 3941-3943, inclusive, Vernon's Annotated Civil Statutes, may no longer be collected from the county. To allow such collections would do violence to Section 1 of Article 3912e, supra, in that the county would thereby be charged with and pay such commissions for the performance by the county treasurer of his official duties.

With reference to the bonds issued by Precinct 4 of Hunt County, if the road district funds are county funds, the county treasurer is clearly not entitled to any commission for handling them under the express provisions of Article 3912e, supra. If they are not county funds, and there is no statute that we have been able to find allowing the treasurer commission for handling them, then the treasurer can not collect a commission, for none has been fixed and it has been made his duty to receive and disburse said funds by Article 752e, Vernon's Annotated Civil Statutes.

The county treasurer would not be entitled to receive any commissions for handling funds acquired by the sale of bonds issued and sold by the county for the acquisition and improvements of land for an air field under the express provisions of Article 3912e, supra. Therefore, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
    Ardell Williams
    Assistant

AW:mp:wc
Encl.

APPROVED DEC 3, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman